Junior Colleges — Name — Funds — Audits 1. Under the provisions of 70 O.S. 4403 [70-4403](a) (1968), the State Regents can change the name of a community junior college after the original order containing a name designation has been issued. 2. Either the State Regents or, absent their action, the governing board of a community junior college shall determine the manner in which me powers of supervision and management enumerated in Section 74 O.S. 4405 [74-4405], supra, are to be exercised. 3. Subject to the rules of the Regents, the junior college board shall designate a treasurer to handle funds belonging to the junior college. 4. Under Section 74 O.S. 4401 [74-4401], supra, the Board of Regents may prescribe specific procedures for the use of funds allocated to such junior colleges. 5. Such junior colleges aren't subject to audit by the State Examiner and Inspector and the Board of Trustees may arrange for such audits. 6. Under the provisions of 74 O.S. 214 [74-214] (1961), each treasurer of such colleges should adopt a bookkeeping system substantially conforming to system prescribed by the State Examiner and Inspector. 7. The State Regents or the junior college board can provide that bonds be required of any persons whose duties involve the handling of money. Premiums should be paid by the Board, but the State should be designated as obligee. The Attorney General has received your recent letter in which you ask the following questions: "1. In Section 1403, it is provided that the State Regents in issuing an order authorizing a junior college shall designate the name by which it shall be known. Are the State Regents authorized to change the name of a community junior college after the original order containing a name designation has been issued? "2. The law does not make specific provision for organization of the board of trustees. Should it be interpreted that the board of trustees of a community junior college should organize in the same manner as governing boards of other colleges by selecting a chairman, vice-chairman and secretary, who would serve on an annual basis and assume duties and responsibilities comparable to like positions of other college governing boards? "3. The law is silent with respect to the manner of handling public funds to be spent by the junior college. Should it be assumed that the law intends that the junior college board shall designate a treasurer who shall receive, maintain custody of, disburse, and account for all funds belonging to the junior college? If the board designates a treasurer, should he be a member of the board or may he be a person other than a member of the board? Should or may the board of trustees use the State Treasurer or the County Treasurer as the treasurer for the community junior college? "4. How and in what form should funds be disbursed? Should the same procedures used by other colleges generally be used by the community junior college board in disbursing funds? "5. Is a community junior college subject to audit by the State Examiner and Inspector? Or, should the board of trustees arrange for annual audit of its accounts by a private auditing firm? "6. Inasmuch as state funds both for operations and for capital improvements will be allocated by the State Regents and expended by community junior colleges, what short of accounting and/or audit is intended by the law regarding state funds expended? "7. Is it the intent of the law that all officers of the junior college board of trustees as well as employees of the board who handle monies be bonded? If so. who determines the amount of the bond of each and who should be named as obligee in the bond — the State of Oklahoma, the junior college district or the board of trustees?" The applicable laws are found in O.S.L. 1965, ch. 396, Sections 901 and 90', (70 O.S. 3901 [70-3901] and 70 O.S. 3902 [70-3902] (1968)); O.S.L. 1967, ch. 100, Section 2, subsections 1401-1403 (70 O.S. 4401 [70-4401] — 70 O.S. 4403 [70-4403] (1968)), as amended by O.S .L. 1968. ch. 166, Section 1 (70 O.S. 4403 [70-4403] (1968)); O.S.L. 1967, ch. 100, Section 2, subsections 1404, 1405 (70 O.S. 4404 [70-4404], 70 O.S. 4405 [70-4405] (1968)) In regard to your Question No. 1. reference is made to the provisions of O.S.L. 1967, ch. 100, Section 2 (Section 1403) as amended O.S.L. 1968, ch. 166. Section 1, (70 O.S. 4403 [70-4403] (1968)) sub-paragraph (a), which provides in part as follows: ". . .The State Regents shall issue an order authorizing the junior college, designating the name by which it shall be known. . . ." Sub-paragraph (b) provides: "The territory comprising a county, municipality or school district, or any part thereof, may, upon petition of the governing board of the county, municipality or school district, or upon petition of not less than ten percent (10%) of the legal voters residing therein, be annexed to an adjoining community or school district maintaining or authorized to maintain a community junior college, if (1) the State Regents determine that the annexation is feasible, and (2) the annexation is approved by the legal voters in the territory proposed to be annexed, as hereinafter provided. The petition shall be filed with the State Regents, which shall thereupon cause a study to be made as to the feasibility of the proposed annexation, and if the State Regents determine that it is feasible, they shall issue a proclamation calling an election to be held in such territory, to allow legal voters in the territory to vote on the question of whether the territory shall be annexed to such community or school district maintaining or authorized to maintain a community junior college. The State Election Board shall cause such election to be held in the same manner as elections on state questions, and certify the results to the State Regents; and if a majority of the legal voters residing in such territory, voting on the question, shall have voted in favor of annexing the territory to such community or school district, the State Regents shall issue an order annexing the territory to such community or school district maintaining or authorized to maintain a community junior college, and give notice thereof to the Board of Trustees of the College." (Emphasis added) It is, therefore, evident that the State Regents can change a name previously designated, in view of the implied power to do so in connection with an order of annexation or consolidation of community or school districts provided for in Section 70 O.S. 4403 [70-4403](b), supra. Accordingly, it is the opinion of the Attorney General that your Question No. I be answered in the affirmative. In respect to your Question No. 2, 70 O.S. 4401 [70-4401] (1968), supra, provides: "A community junior college may be established, maintained and operated in any community in accordance with criteria and standards, rules, and regulations prescribed by the Oklahoma State Regents For Higher Education, hereinafter referred to as the State Regents." There is no express provision requiring nor is there one prohibiting the governing board of a community junior college, which "shall be known as the Board of Trustees. . ." from electing to organize or function as a body corporate. Under Section 4401, the State Regents are authorized to prescribe criteria and standards, rules, and regulations under which such institutions may be established, maintained and operated in any community. If the State Regents fail to take such action, then, under 70 O.S. 4405 [70-4405] (1968), the governing board of the institution may "adopt such rules and regulations as it deems necessary to govern the community junior college," and "do all things necessary or convenient to carry out the powers expressly granted to it. . . ." It is, therefore, the opinion of the Attorney General that either the State Regents, or, absent action by them, the governing board of a community junior college may and shall determine the form and manner in which the powers of supervision, management and control, and in addition, the powers and duties specifically enumerated in said Section 70 O.S. 4405 [70-4405], are to be exercised. In regard to your Question No. 3, the pertinent provision governing this activity is found in said Section 70 O.S. 4405 [70-4405], reading as follows: "The governing board of a community junior college shall have the supervision, management, and control of the community junior college, and shall have the following additional specific powers and duties . . . . among which is the following: "(e) Receive and make disposition of monies, grants, and property from Federal agencies and the State, and administer the same in accordance with Federal and State requirements. . . ." In the opinion of the Attorney General, these institutions may, subject to the rules and regulations prescribed by the State Regents, select and appoint as treasurer for the community junior college, either a member of the Board of Trustees or other person to receive, disburse, and account for all funds coming into the hands of the junior college. In respect to your Question No. 4, it is the opinion of the Attorney General that, under Section 4401, supra, the State Regents may prescribe specific procedures for the use of community junior college Boards of Trustees in disbursing funds allocated to them, including but not being limited to those used by other colleges, and that the several Boards of Trustees may, absent action by the State Regents, adopt and use procedures of their own selection pursuant to Section 4405, supra. Your Question No. 5 involves construction of the provisions of Title 74 O.S. 213 [74-213] (1961), reading in part as follows: "It shall be the duty of the State Examiner and Inspector to examine and report upon the books and financial accounts of the several public, educational, charitable, penal and reformatory institutions belonging to the state; . . . to examine the books and accounts of all public institutions under the control of the State at least once each year. . . ." It is apparent that community junior colleges established pursuant to Sections 70 O.S. 4401 [70-4401] through 70 O.S. 4412 [70-4412], are not considered to be educational institutions "belonging to the State," or public institutions "under the control of the State." Accordingly, it is the opinion of the Attorney General that community junior colleges are not subject to audit by the State Examiner and Inspector and that it is not his duty to examine the books and financial accounts of each community junior college, hence, the Board of Trustees may arrange for audit as it deems necessary and desirable. In regard to your Question No. 6, Title 74 O.S. 214 [74-214] (1961), governs. It reads in part as follows: "It shall be the duty of the State Examiner and Inspector to prescribe a uniform system of bookkeeping for the use of all treasurers, so as to afford a suitable check upon their mutual acts and insure a thorough inspection, and the safety of the state and county funds. . . ." (Emphasis added) It is the Attorney General's opinion that each treasurer of, or person acting in that capacity for, a community junior college, shall adopt, or cause to be adopted, a bookkeeping, accounting and audit system substantially conforming to the uniform system prescribed by the State Examiner and Inspector. Your Question No. 7 relates to bonding officers, trustees and employees of community junior colleges who handle monies in respect to which there are no statutory requirements. It is the Attorney General's opinion that if the State Regents prescribe criteria and standards, rules and regulations for the maintenance and operation of junior colleges pursuant to Section 4401, and it is deemed necessary to protect the State against loss or misapplication of public funds, such regulations could provide that bonds be required of any persons whose duties involve the handling of such funds; or, absent such action by the State Regents, the Board of Trustees could by their rules or regulations require a bond to be furnished in a sum fixed by the Board of Trustees. Premiums should be paid by the Board, but the State should be designated as obligee therein. (Carl G. Engling)